IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

|  |  |
|---|---|
| **PRISCILLA BILLSIE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. CIV 07-0261 RB/ACT |
| ) | |
| **THOMAS R. BROOKSBANK and** ) | |
| **CRISIS COLLECTION MANAGEMENT, L.L.C.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Thomas R. Brooksbank's Motion to Dismiss, or in the Alternative, for Summary Judgment [Doc. 9], and Plaintiff Priscilla Billsie's Motion for Leave to File [a] Surreply [Doc. 16]. Jurisdiction arises under 15 U.S.C. § 1692(d) and 28 U.S.C. §§ 1331, 1337(a), and 1367.[1] Having reviewed the parties' submissions and the relevant law, I construe Defendant Brooksbank's motion as a motion for summary judgment. Moreover, because Defendant Brooksbank's Reply to Plaintiff's Opposition [Doc. 12] introduces new evidence[2] to support his original motion, I **GRANT** Plaintiff leave to file a surreply.[3] Beird v.

---

[1] Defendant Brooksbank challenges the Court's jurisdiction by asserting that a federal district court is an inappropriate forum to determine the validity of the state court judgment(s). (See Mot. Dismiss or Summ. J. at 2, 6-8, 10; Def.'s Reply at 1-3, 5-6). First, the Court does not interpret the complaint as challenging the validity of either state court judgment. Both state orders hold Priscilla A. Yazzie liable for the debt, (Ex. G [Doc. 11-8] to Pl.'s Opp'n [Doc. 11]; Ex. I [Doc. 11-10] to Pl.'s Opp'n), and there is no dispute over that issue. Rather, the dispute is whether Plaintiff is Priscilla A. Yazzie. Second, Defendant Brooksbank's argument is more befitting claim and/or issue preclusion.

[2] For example, Defendant Brooksbank's Reply includes his affidavit, as well as credit reports belonging to Priscilla A. Yazzie, Priscilla Yazzie, and/or Priscilla Y. Billsie. (Brooksbank Aff. [Doc. 12 at 5-6]; Ex. B [Doc. 12-2] to Def.'s Reply).

[3] Accordingly, I considered Plaintiff's Surreply and the attachments thereto in rendering this opinion.

Seagate Tech., Inc., 145 F.3d 1159, 1164-65 (10th Cir. 1998).  Finally, Defendant Brooksbank's Motion for Summary Judgment is **DENIED**.

I.   BACKGROUND

Defendant Thomas R. Brooksbank, an attorney, obtained a state default judgment against Priscilla A. Yazzie on May 4, 1998.  (Ex. I [Doc. 11-10] to Pl.'s Opp'n [Doc. 11]).  Defendant Brooksbank instituted a garnishment action against Priscilla A. Yazzie, a/k/a Priscilla Billsie, Prisilla Etsitty, and Prisilla Cody on February 25, 2004.  (Ex. F [Doc. 11-7] to Pl.'s Opp'n).  He listed two social security numbers on the garnishment application and answer, XXX-XX-5535 and XXX-XX-5534.  (Id.).  Defendant Brooksbank listed one social security number on the judgment on writ of garnishment that he provided to the state court, XXX-XX-5534, and the writ does not list a debtor name other than Priscilla A. Yazzie.  (Ex. G [Doc. 11-8] to Pl.'s Opp'n).  Defendant Brooksbank does not dispute that Plaintiff Priscilla Billsie's wages were garnished.  (Billsie Aff., Ex. B to Pl.'s Surreply [Doc. 16-3] at ¶¶ 6-11; Mot. Dismiss or Summ. J. at 2).  Plaintiff contends she is not the debtor, that her social security number is XXX-XX-5535, that Defendants Brooksbank and Crisis Collection Management, L.L.C. ("CCM") wrongfully garnished her wages, and that Defendants Brooksbank and CCM wrongfully refused to return her wages.  (Cmplt. [Doc. 1] at ¶¶ 10, 12-17, 19, 21-35).  Defendant Brooksbank maintains that Plaintiff is the debtor.  (Def.'s Reply at 3).

II.   DISCUSSION

A.   Standard

"If the pleadings, . . . together with the affidavits, . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law[,]" then summary judgment is proper.  Fed. R. Civ. P. 56(c).  Courts "view the evidence and draw all reasonable inferences therefrom in the light most favorable to the [nonmovant]."  Sierra Club v. El

Paso Gold Mines, Inc., 421 F.3d 1133, 1146 (10th Cir. 2005). "The movant bears the initial burden of . . . demonstrati[ng] . . . the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670-71 (10th Cir. 1998).

If the movant meets this burden, then "the burden shifts to the nonmovant." Id. at 671. The nonmovant must "go beyond the pleadings and set forth" admissible evidence consisting of "specific facts . . . from which a rationale trier of fact could find for the nonmovant." Id. (citations and internal quotations omitted). The nonmovant must identify these facts with "reference to affidavits . . . or specific exhibits . . . ." Id. (citations omitted). The nonmovant must show more than a mere "metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and he must base his evidence "on more than [bare] speculation, conjecture, or surmise." Bones v. Honeywell Int'l, Inc., 366 F.3d 869, 875 (10th Cir. 2004). The nonmovant cannot rely purely on "conclusory allegations . . . to defeat . . . a motion for summary judgment." White v. York Int'l Corp., 45 F.3d 357, 363 (10th Cir. 1995).

      **B.**    **Fair Debt Collection Practices Act**

Plaintiff asserts that Defendant Brooksbank's conduct is contrary to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (Cmplt. at ¶¶ 1-2). Specifically, Plaintiff alleges that Defendant Brooksbank violated 15 U.S.C. §§ 1692e, 1692e(10), 1692e(14), 1692f, and 1692f(1). (Id. at ¶ 38). Defendant Brooksbank contends that any action under the FDCPA is time-barred by 15 U.S.C. § 1692k(d) or excusable under 15 U.S.C. § 1692k(c). (Mot. Dismiss or Summ. J. at 10).

Though the Tenth Circuit has not definitively ruled on this matter, courts generally treat the FDCPA as a strict liability statute. Clark v. Capital Credit & Collection Serv., Inc., 460 F.3d 1162,

1175 (9th Cir. 2006); Randolph v. IMBS, Inc., 368 F.3d 726, 729-730 (7th Cir. 2004); Picht v. Hawks, Ltd., 236 F.3d 446, 451 (8th Cir. 2001); Russell v. Equifax, 74 F.3d 30, 33, 36 (2nd Cir. 1996). See also, Taylor v. Landry, 103 F.3d 1232, 1238-39 (5th Cir. 1997); Bitah v. Global Collection Serv., Inc., 968 F. Supp. 618, 623 (D.N.M. 1997); Russey v. Rankin, 911 F. Supp. 1449, 1455 (D.N.M. 1995); Larrañaga v. Mile High Collection & Recovery Bureau, Inc., 807 F. Supp. 111, 112 (D.N.M. 1992). But see, Fed. Home Loan Mortgage Corp. v. Lerner, Sampson, & Rothfuss, L.P.A., No. 06-4335, 2007 U.S. App. LEXIS 22675, at *22-24 (6th Cir. 2007) (noting that the combination of strict liability and the "least sophisticated consumer" standard may lead to a proliferation of litigation). Courts judge debt collectors according to the "least sophisticated consumer" standard. E.g., Clomon v. Jackson, 988 F.2d 1314, 1318-21 (2nd Cir. 1993). See also, Ferree v. Marianos, No. 97-6061, 1997 U.S. App. LEXIS 30361, at *7, *5 (10th Cir. 1997) (unpublished); Spinarski v. Credit Bureau, Inc., No. 95-506, 1996 U.S. Dist. LEXIS 22547, at *4, *9-12, *17 (D.N.M. Sept. 19, 1996); Russey, 911 F. Supp. at 1454-58.

Section 1692e prohibits "debt collector[s from] us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692f proscribes the "use [of any] unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Though both provisions outline several specific violations, Congress made clear that neither list was exhaustive. 15 U.S.C. §§ 1692e, 1692f ("Without limiting the general application of the foregoing, the following conduct is a violation . . ."). Section 1692k(c) provides for an affirmative defense when a debt collector proves by a preponderance of the evidence "that [his] violation was (1) unintentional,[4] (2) a bona fide error, and (3) made despite the

---

[4] "[A] debt collector must show that the [FDCPA] violation was unintentional, not that the underlying act itself was unintentional." Johnson v. Riddle, 443 F.3d 723, 728 (10th Cir. 2006).

4

maintenance of procedures reasonably adapted to avoid the error." Johnson v. Riddle, 443 F.3d 723, 727-28 (10th Cir. 2006). Section 1692k(d) establishes a one-year statute of limitations that Tenth Circuit courts measure from the date the plaintiff gained notice of the last alleged violation. See Johnson v. Riddle, 305 F.3d 1107, 1113-14 (10th Cir. 2002); Campos v. Brooksbank, 120 F. Supp. 2d 1271, 1273-75 (D.N.M. 2000); Houck v. Local Fed. Sav. & Loan, Inc., No. 92-2127, 1992 U.S. Dist. LEXIS 21427, at *5-6 (W.D. Okla. Dec. 29, 1992), aff'd, No. 93-6046, 1993 U.S. App. LEXIS 13240, at *4-5 (10th Cir. June 1, 1993).

Several issues of material fact remain as to this claim, though it is not necessary to outline them all here. For instance, although Plaintiff submits an affidavit from a woman who contends she is the true Priscilla A. Yazzie (Yazzie Aff., Ex. A to Pl.'s Surreply), Defendant Brooksbank contests this issue (Def.'s Reply at 3). Moreover, the parties dispute the date of the last alleged violation. Defendant Brooksbank alternatively asserts that the last alleged violation occurred on some unspecified date during the 2004 garnishment process or on November 30, 2005,[5] the date Brooksbank alleges CCM became the "debt collector."[6] (Mot. Dismiss or Summ. J. at 1, 9-10; Def.'s Reply at 1-2). Plaintiff contends that Defendant Brooksbanks' and/or CCM's last purported refusal to return the garnishments constitutes the last alleged violation.[7] Additionally, a jury could find that the date of the final garnishment, which the parties also dispute (compare Ex. A [Doc. 11-2]

---

[5] As Plaintiff filed this case on March 19, 2007, either date would place Defendant Brooksbank's alleged violations outside the statute of limitations. The Court also notes that Defendant Brooksbank likely meant to state that he last controlled collection on the Yazzie account on November 29, 2005.

[6] Plaintiff has introduced evidence tending to show that Defendant Brooksbank may have acted as the "debt collector," even after November 29, 2005. (Ex. E to Cmplt. [Doc. 29-2]). Because Defendant Brooksbank represents both himself and CCM in this case, the Court notes that this issue may represent a conflict of interest.

[7] The date of the last purported refusal appears to be September 14, 2006. (Ex. D [Doc. 1-5] to Cmplt.). The Court notes, however, that the Plaintiff contends that Defendant Brooksbank's August 1, 2007 letter may also constitute a FDCPA violation. (Pl.'s Br. Supp. Mot. Leave File Surreply [Doc. 17] at 1). Nevertheless, if the Plaintiff wishes the Court to consider this claim, Plaintiff must amend her complaint.

to Pl.'s Opp'n (Dec. 2006) with Mot. Dismiss or Summ. J. at 2; Ex. D [Doc. 1-5] to Cmplt. at 1(Sept. 2006)), is the date of the last alleged FDCPA violation. Finally, despite Defendant Brooksbank's assertions that he did not intend to violate the FDCPA, (e.g., Mot. Dismiss or Summ. J. at 9-10), Plaintiff has introduced evidence from which a jury could find otherwise. (Compare Ex. F to Pl.'s Opp'n and Ex. G to Pl.'s Opp'n) (showing that Defendant Brooksbank listed two social security numbers on the garnishment application and answer, yet listed one social security number on the judgment on writ of garnishment).

Viewing the evidence in the light most favorable to the Plaintiff and from the point of view of the "least sophisticated consumer," summary judgment on the FDCPA claim is improper at this time. Defendant Brooksbank's motion is, therefore, denied. Defendant Brooksbank avers that all other state claims are pendent to the FDCPA claim. Since the Court has found the FDCPA claim viable, the Court now exercises its supplemental jurisdiction and reviews the state claims.

### C. New Mexico Unfair Practices Act

Plaintiff asserts that Defendant Brooksbank's conduct is contrary to the New Mexico Unfair Practices Act ("UPA"), N.M. Stat. Ann. § 57-12-2(D). (Cmplt. at ¶¶ 40-42). Specifically, Plaintiff alleges that Defendant Brooksbank violated N.M. Stat. Ann. § 57-12-2(D)(14)-(15). (Id. at ¶ 40). Defendant Brooksbank contends that Plaintiff fails to introduce necessary evidence. (Mot. Dismiss or Summ. J. at 8-9).

To survive a motion for summary judgment arising under the UPA,[8] a plaintiff must present specific facts tending to show four elements:

---

[8] It is unnecessary, at this stage, to analyze the specific elements of Sections 57-12-2(D)(14)-(15).

>    (1) Defendant[] made an oral or written statement that was false or misleading; (2) the false or misleading statement was knowingly[9] made in connection with the collection of a debt; (3) the representation occurred in the regular course of the representor's trade or commerce; and (4) the representation may, tends to, or does, deceive or mislead any person.

Russey v. Rankin, 911 F. Supp. 1449, 1459-60 (10th Cir. 1995) (quoting Ashlock v. Sunwest Bank, 753 P.2d 346, 347 (N.M. 1988), overruled on other grounds by, Gonzales v. Surgidev Corp., 899 P.2d 576 (N.M. 1995)) (internal quotations omitted).  In a previous federal case involving Defendant Brooksbank, the court found that "the filing of a false, misleading, or deceptive [court document]" would violate the UPA.  Campos, 120 F. Supp. 2d at 1277.

Defendant Brooksbank has failed to demonstrate the absence of genuine issues of material fact as to the UPA claim.  Not only does the identity issue remain disputed, but the Plaintiff has met the initial evidentiary requirements of Russey/Ashlock.  Exhibits F and G to Plaintiff's Opposition show that Defendant Brooksbank listed two social security numbers on the garnishment application and answer, yet listed one social security number on the judgment on writ of garnishment he submitted to the state court judge.  Viewing the evidence in the light most favorable to the Plaintiff, and contrary to Defendant Brooksbank's assertions, a jury could find that the social security number discrepancy shows (1) that Defendant Brooksbank made a false or misleading statement, (2) that he knowingly misled a court and/or the garnishee, and (3) that his conduct tends to or did mislead the state court and/or the garnishee.[10]  Consequently, Defendant Brooksbank's Motion for Summary Judgment is denied.

---

[9] New Mexico law does not require the plaintiff to prove intent.  See Russey v. Rankin, 911 F. Supp. 1449, 1460 (10th Cir. 1995).

[10] Defendant Brooksbank admits that he filed these documents during the normal course of business.  (See Mot. to Dismiss or Summ. J. at 1).

**D.     Conversion**

Plaintiff claims that Defendant Brooksbank converted Plaintiff's wages.  (Cmplt. at ¶¶ 43-46).  Defendant Brooksbank alternatively contends that conversion cannot be the result of a valid court order, that Plaintiff consented[11] to the garnishment, and that he currently holds neither title to, nor possession of, any of Plaintiff's garnished wages.  (Mot. Dismiss or Summ. J. at 5-7; Def.'s Reply at 2; Brooksbank Aff. [Def.'s Reply at 5-6] at ¶¶ 6, 10; Ex. C to Pl.'s Surreply).

New Mexico has acknowledged at least three forms of conversion.  Case Credit Corp. v. Portales Nat'l Bank, 966 P.2d 1172, 1175 (N.M. 1998) (Minzner, J., dissenting); Nosker v. Trinity Land Co., 757 P.2d 803, 807-08 (N.M. Ct. App. 1988).  The "wrongful detention [of personal property] amounting to repudiation of the owner's rights" is conversion.  Case Credit, 966 P.2d at 1174.  See also, Nosker, 757 P.2d at 807.  Any "exercise of dominion [or control over personal property belonging to another] which is inconsistent with the owner's rights" also constitutes conversion.  Molybdenum Corp. of America v. Brazos Eng'g Co., 472 P.2d 971, 973 (N.M. 1970) (internal quotations omitted).  See also, Case Credit, 966 P.2d at 1174; Nosker, 757 P.2d at 807. New Mexico has also specifically recognized "the tort of conversion by demand and refusal," whereby a plaintiff must show "(1) that the plaintiff had the right of possession of personal property; (2) that the plaintiff demanded that the defendant return the property to plaintiff; and (3) that the defendant refused to return the property to plaintiff."  Nosker, 757 P.2d at 808.  The "refusal must be absolute and amount to a denial of plaintiff's title or right to possession, . . . [and] unless the one in possession is . . . obligat[ed] to deliver on demand, [silence alone is not a refusal]."  Taylor v. McBee, 433 P.2d 88, 91-92 (N.M. Ct. App. 1967).  Under certain circumstances, a defendant

---

[11] In actuality, Defendant Brooksbank's argument is more akin to waiver, estoppel, or laches.

seeking to ascertain the true owner of the property in question may retain the property for a reasonable time period after the demand. Burroughs v. Garrett, 352 P.2d 644, 647 (N.M. 1960). New Mexico law does not require the defendant to benefit from the conversion. Case Credit, 966 P.2d at 1174. Finally, New Mexico adopts the view "that there are situations in which a wilful omission which deprives the plaintiff of his property can serve as a foundation for the action of conversion." Id. (internal brackets omitted).

Again, several genuine issues of material fact are disputed. The debtor's identity is material to this claim, and that issue remains unresolved. The parties do not even agree when the garnishments began, though that date could serve as the start date for the putative wrongful detention. (Compare Cmplt. at ¶ 14 (Mar. 2004) with Ex. D to Cmplt. at 1 (June 2004) and Mot. Dismiss or Summ. J. at 2 (Apr. 2004)). Also, though Defendant Brooksbank may or may not have wrongfully retained[12] any of Plaintiff's wages, a rational jury could find that the discrepancies between the garnishment application, answer, and judgment serve as the foundation for a conversion action. (Compare Ex. F to Pl.'s Opp'n (listing 2 social security numbers and multiple names) with Ex. G to Pl.'s Opp'n (listing one social security number and one name)). Furthermore, after determining the debtor's identity, the jury could find that Plaintiff demanded the return of her wages and that Defendant Brooksbank refused to return them. (See Billsie Aff. at ¶¶ 9-10, 12; Ex. B to Cmplt.; Ex. C to Cmplt.; Ex. D to Cmplt. (showing, *inter alia*, that CCM's history notes indicate that somebody contacted CCM and/or Defendant Brooksbank on June 27, 2005 regarding the account); Ex. E to Cmplt; Ex. C to Pl.'s Surreply).

---

[12] Although Defendant Brooksbank initially stated that GMAC holds all of Plaintiff's garnished wages, he later asserted that CCM holds all of Plaintiff's garnished wages. (Compare Mot. Dismiss or Summ. J. at 5-6 (GMAC) with Brooksbank Aff. at ¶ 10 (CCM)). Still later, Defendant Brooksbank again stated that GMAC holds the funds. (Ex. C to Pl.'s Surreply). Confusing the matter even further, CCM has reported to a New Mexico regulatory agency that Defendant Brooksbank conducts all of their New Mexico collections. (Ex. E to Cmplt.).

Considering all of the genuine issues of material fact that remain, summary judgment for Defendant Brooksbank on the conversion claim is inappropriate at this time. Defendant Brooksbank's Motion for Summary Judgment is, therefore, denied.

### E.     Unreasonable Debt Collection

Plaintiff asserts that Defendant Brooksbank's conduct subjects him to a claim Plaintiff entitles "tortious debt collection." (Cmplt. at ¶¶ 47-48). Defendant Brooksbank responds that the Plaintiff is actually asserting an invasion of privacy claim and contends that there is no evidence to support Plaintiff's claim. (Mot. Dismiss or Summ. J. at 7). Defendant Brooksbank also contends that this claim cannot lie because a court ordered the garnishments. (Def.'s Reply at 2).

New Mexico recognizes a claim for improper collection activity that arises out of the tort of invasion of privacy. In Montgomery Ward v. Larragoite, the New Mexico Supreme Court held that "improper conduct in knowingly and intentionally pursuing a person to force payment of a debt, whether or not he owes it, may, under certain circumstances, give rise to a right to damages for an invasion of privacy." 467 P.2d 399, 401 (N.M. 1970). According to another federal district judge, Montgomery Ward proscribes "unreasonable debt collection techniques" and makes them "actionable." Kolker v. Sanchez, No. 90-1082, 1991 U.S. Dist. LEXIS 20783, at *1 (D.N.M. Dec. 10, 1991). Under New Mexico law, "[a] person who unreasonably and seriously interferes with another's interest in not having his affairs known to others . . . is liable" for invasion of privacy. Bitsie v. Walston, 515 P.2d 659, 661 (N.M. Ct. App. 1973). A defendant, however, can escape liability if he can show that his conduct would not offend people of ordinary sensibilities. Id. at 661-62.

Material issues of fact remain as to this claim, as well. The fact-finder must determine the identity issue before it can appropriately address the unreasonable debt collection/invasion of

privacy issues. Moreover, contrary to Defendant Brooksbank's assertions, Plaintiff has presented evidence from which a jury could find that Defendant Brooksbank knew that Plaintiff was not the debtor prior to June 23, 2006, the date of the first letter from New Mexico Legal Aid to Defendant Brooksbank. (See Brooksbank Aff. at ¶ 5) (stating that Brooksbank "spoke to Mr. Jaspers [sic] in August 2006 ."). The discrepancies between the garnishment application, answer, and judgment on writ of garnishment (compare Ex. F to Pl.'s Opp'n with Ex. G to Pl.'s Opp'n), in combination with Plaintiff's assertions that she repeatedly contacted Defendant Brooksbank (Billsie Aff. at ¶¶ 9-10, 12; Ex. D to Cmplt. (showing that CCM's history notes indicate that somebody contacted CCM and/or Defendant Brooksbank on June 27, 2005 regarding the account)), could lead a jury to conclude that Defendant Brooksbank knowingly and intentionally garnished wages from the wrong individual.

### F.     Unjust Enrichment

Plaintiff claims that Defendant Brooksbank wrongfully garnished Plaintiff's wages and was thereby unjustly enriched. (Cmplt. at ¶¶ 49-51). Defendant Brooksbank contends that he does not possess any of the garnished funds, that the garnishment judgment precludes Plaintiff's action for unjust enrichment, and that he was not unjustly enriched.  (Mot. Dismiss or Summ. J. at 7-8).

New Mexico courts recognize unjust enrichment claims. Ontiveros Insulation Co. v. Sanchez, 3 P.3d 695, 698 (N.M. Ct. App. 2000). Unjust enrichment is couched in equity and seeks to do justice. See Hydro Conduit Corp. v. Kemble, 793 P.2d 855, 861 (N.M. 1990). Two elements comprise an unjust enrichment claim: "(1) [one party] has . . . knowingly benefitted at [another's] expense (2) in [such] a manner . . . that . . . ret[ention of] the benefit would be unjust." Ontiveros, 3 P.3d at 698.

Though Plaintiff has introduced evidence showing that Defendant Brooksbank may have knowingly filed misleading documents with the state court (compare Ex. F to Pl.'s Opp'n with Ex. G to Pl.'s Opp'n), and though this same evidence tends to show that the retention of any benefit may be unjust if Plaintiff is not the debtor, Plaintiff is currently unable to show that Defendant Brooksbank benefitted from the transaction. Because Defendant Brooksbank repeatedly asserts that he does not hold any of the garnishment proceeds (Mot. Dismiss or Summ. J. at 5-7; Def.'s Reply at 2; Brooksbank Aff. at ¶¶ 6, 10; Ex. C to Pl.'s Surreply), Plaintiff should be permitted to conduct discovery to rebut this claim (Ex. J, Treinen Aff. [Doc. 11-11] to Pl.'s Opp'n). Fed. R. Civ. P. 56(f). The need for discovery is even more apparent in light of the fact that the judgment on writ of garnishment directed payment to GMAC through Defendant Brooksbank. (Ex. G to Pl.'s Opp'n).

Because further discovery is required, summary judgment is improper at this time. Therefore, Defendant Brooksbank's Motion for Summary Judgment is denied.

**WHEREFORE,**

**IT IS ORDERED** that Defendant Brooksbank's Motion to Dismiss, or in the Alternative, for Summary Judgment [Doc. 9], filed on May 30, 2007, is **DENIED**.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE